UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN OLIVEIRA & SONS STAMP CONCRETE, INC.,<br><br>Defendant | Criminal No.  26cr10004<br><br>Violation:<br><br><u>Count One</u>: Willful Violation Causing Death to Employee<br>(29 U.S.C. § 666(e)) |

INFORMATION

At all times relevant to this Information:

<u>General Allegations</u>

1. John Oliveira & Sons Stamp Concrete, Inc. (the "Company") was and remains a family-owned stamp concrete business that maintains premises in East Freetown, Massachusetts.

2. The Company was and remains an "employer" engaged in commerce as defined the Occupational Safety and Health Act.  The Company employed multiple employees, each of whom performed work at the Company's premises in East Freetown, at other premises, or both.

3. Josue Deo Tiquiram Sam ("Tiquiram"), YOB 1998, was employed by the Defendant.

<u>Occupational Safety and Health Act</u>

4. The United States Department of Labor ("DOL"), a department of the executive branch of the United States government, was responsible for the enforcement of federal laws pertaining to labor and employment conditions.

5. The Occupational Safety and Health Act sets forth workplace safety and health standards and required employers to comply with these standards.

1

6. One such safety standard imposes requirements on employers using equipment for which the unexpected release of stored energy could occur and cause injury, and requires such employers to establish an energy control procedure to ensure that this does not occur. *See* 29 C.F.R. § 1910.147(c)(1).

7. Another such safety standard requires employers to provide locks, pins, blocks, wedges, or other hardware for securing or blocking machines from energy sources. *See* 29 CFR § 1910.147(c)(5)(i).

The Equipment

8. The Company utilized an EXTEC Series 5000 soil screener Serial #3821 (the "Equipment") for purposes of processing and screening soil and similar substances.

9. The Equipment's overall length was 46' 7", width was 9', and height was 13' 2". The total gross weight of the Equipment was approximately 35,880 lbs.

10. A diagram of an EXTEC Series 5000 soil screener follows below:



11. The tail conveyor of the Equipment – which weighed approximately 1,500 pounds – could be placed in a closed (vertical) position or could be placed in an open (horizontal) position at an approximate 45° angle.

12. Normally, the EXTEC Series 5000 soil screener relies on a hydraulic pressure line system – consisting of a hydraulic piston with two hydraulic lines attached – that, when fully connected and functioning properly, operates to keep the tail conveyor open at a 45° angle.

13. At various occasions in 2022 or 2023, the tail conveyor of the Equipment closed unexpectedly.

14. In the timeframe leading up to August 2023, the Company stored the Equipment outdoors in a wooded area, where it was neither used nor serviced.

15. In or around August or September 2023, the Equipment was moved to a yard area on the Company's premises.

16. When the Equipment was moved, its tail conveyor was closed in the vertical position.

17. In or around September 2023, a co-owner of the Company saw that a hydraulic line fitting at one end of the tail conveyor piston was broken and needed to be replaced. The co-owner used a front-end loader to lift the tail conveyor so that it would be in the open (horizontal) position at an approximate 45° angle and installed a new fitting on the hydraulic line.

18. At or around this same time, one side of the hydraulic line and the hydraulic piston had detached, leaving the line and piston separated. The end connection on the separated hydraulic line was caked with dried soil, had a spider web inside the line, and appeared to be rusted.

3

19. Because the conveyor hydraulic piston had only one side repaired and connected to the hydraulic system, there was no opposing hydraulic force for the system to maintain the tail conveyor in its open position.

### The Fatal Incident

20. On September 6, 2023, Tiquiram was working at the Company's premises in East Freetown, Massachusetts. Tiquiram and a co-owner of the Company were attempting to replace the Equipment's soil screen.

21. A third individual used a front-end loader to lift Tiquiram and the co-owner approximately 8-10 feet up onto the tail conveyor of the Equipment, which was in the open (horizontal) position.

22. At this time, there was no energy control procedure in place to prevent the tail conveyor from collapsing, and no blocking or other hardware in place to prevent such collapse.

23. Tiquiram and the co-owner sought to remove four bolts holding a soil screen in place on the Equipment in order to insert another screen. The co-owner used a large adjustable wrench to remove one of the bolts holding the upper soil screen above the tail conveyor in place and handed the adjustable wrench to Tiquiram to remove the second bolt.

24. As Tiquiram was removing the second bolt, the Equipment's tail conveyor closed unexpectedly. Tiquiram held onto the upper frame of the Equipment as the tail conveyor closed into the vertical position, crushing Tiquiram's head.

25. Tiquiram suffered massive head trauma and was pronounced dead at the Company's premises.

COUNT ONE
Willful Violation Causing Death to Employee
(29 U.S.C. § 666(e))

The United States Attorney charges:

26.   The United States Attorney re-alleges and incorporates by reference paragraphs 1-25 of this Information.

27.   On or about September 6, 2023, in East Freetown, in the District of Massachusetts, the defendant,

JOHN OLIVEIRA & SONS STAMP CONCRETE, INC.,

an employer engaged in business in interstate commerce, knowingly and willfully violated a standard, rule, and order promulgated pursuant to 29 U.S.C. § 665, and that violation caused death to any an employee, in that it failed to establish an energy control procedure and failed to provide hardware to block energy sources, with such failure causing the death of Josue Deo Tiquiram Sam, an employee of the defendant.

All in violation of Title 29, United States Code, Section 666(e).

                    LEAH B. FOLEY
                    United States Attorney


By: /s/ *William F. Abely*
     WILLIAM F. ABELY
     Assistant U.S. Attorney

Dated: January 9, 2026